Muriel B. Kaplan, Esq. (SBN 124607)
Michele R. Stafford, Esq. (SBN 172509)
Shaamini A. Babu, Esq. (SBN 230704)
SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
San Francisco, CA 94104
(415) 882-7900
(415) 882-9287–Facsimile
mkaplan@sjlawcorp.com
mstafford@sjlawcorp.com
sbabu@sjlawcorp.com

Attorneys for Plaintiff
BAY AREA PAINTERS AND TAPERS
PENSION TRUST FUNDS, et al.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAY AREA PAINTERS AND TAPERS PENSION TRUST FUNDS, DISTRICT COUNCIL 16 NORTHERN CALIFORNIA HEALTH AND WELFARE FUND, DISTRICT COUNCIL 16 NORTHERN CALIFORNIA APPRENTICE AND JOURNEYMAN TRAINING TRUST FUND; THE JOINT BOARDS OF TRUSTEES; LES PROTEAU, CHARLES DEL MONTE, and DOUG CHRISTOPHER, as Trustees; and DISTRICT COUNCIL 16 OF THE INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES;<br><br>         Plaintiffs,<br>v.<br><br>FRANK WILLIAM MITCHELL, individually and dba MITCHELL CONSTRUCTION DRYWALL METAL STUDS and dba MITCHELL CONSTRUCTION,<br><br>         Defendant. | Case No.:  C08-4017 WHA<br><br>**COMPLAINT** |

<u>Parties</u>

1.     The Bay Area Painters and Tapers Pension Trust Funds which includes the Bay Area Painters and Tapers Pension Trust Fund–The Annuity Plan ("Pension and Annuity Fund"), the District Council 16 Northern California Health and Welfare Fund ("Health Fund"), and the

-1-
COMPLAINT
Case No.: C08-4017 WHA

1  District Council 16 Northern California Apprentice and Journeyman Training Trust Fund ("Apprenticeship Fund") are employee benefit plans as defined in the Employee Retirement Income Security Act of 1974 ("ERISA") § 3(3), 29 U.S.C. § 1002(3). The Joint Boards of Trustees ("Trustees") of said funds are the named fiduciaries of the funds under ERISA §402(a), 29 U.S.C. §1002(a). Les Proteau is the Chairman and Charles Del Monte is the Secretary of the Trustees and both are fiduciaries of said funds. Doug Christopher is the Chairman of the District Council 16 Northern California Apprentice and Journeyman Training Trust Fund.

2.  The Health Fund was formerly Bay Area Painters and Tapers Health Fund prior to its merger with other health and welfare trust funds effective January 1, 2008.

3.  District Council 16 of the International Union of Painters and Allied Trades, ("Union") is a labor organization as defined in §2(5) of the National Labor Relations Act ("NLRA"), 29 U.S.C. §152(5).

4.  FRANK WILLIAM MITCHELL dba MITCHELL CONSTRUCTION DRYWALL METAL STUDS ("Defendant") is an employer by virtue of ERISA §3(5), 29 U.S.C. §1002(5), and NLRA §2(2), 29 U.S.C. §152(2).

5.  The Pension and Annuity Fund, Health Fund, Apprenticeship Fund, and their fiduciaries are herein referred to as "ERISA Plaintiffs."

Jurisdiction

6.  Jurisdiction exists in this Court over the claims asserted by the ERISA Plaintiffs by virtue of ERISA §502, 29 U.S.C. §1132, in that the ERISA Plaintiffs seek to enforce the provisions of ERISA and the terms of their plans, seek to enjoin the acts and practices which violate ERISA, seek equitable relief to redress such violations, and seek all other appropriate relief under ERISA.

7.  Jurisdiction exists in this Court over all the claims by virtue of Labor Management Relations Act ("LMRA") §301, 29 U.S.C. §185, in that the ERISA Plaintiffs seek to enforce the terms and conditions of a collective bargaining agreement between the Defendant and the Union.

8.  To the extent jurisdiction over any claim does not exist under ERISA or the LMRA, supplemental jurisdiction exists in this Court over such claims by virtue of 29 U.S.C.

§1367 in that they arise out of a common nucleus of operative facts that form the basis of the federal claims asserted herein, each of which has a substantial ground in federal jurisdiction.

### Venue

9. Venue exists in this Court with respect to the claims under ERISA §502 because all of the plans of the ERISA Plaintiffs are administered within this district and the breach took place in this district.

10. Venue exists in this Court with respect to the claims under LMRA §301(a) because this Court has jurisdiction over the parties, as the Union maintains its principal place of business in this district, its duly authorized officers or agents are engaged in representing employee members in this district, and the claims arise in this district.

### Intradistrict Assignment

11. The basis for assignment of this action to this court's Oakland Division is that all of the events and omissions giving rise to plaintiffs' claims occurred in the County of Alameda, where the ERISA Plaintiff funds and Union dues, were administered during the period claimed herein, and where Defendant therefore failed to fulfill its statutory and contractual obligations to the Plaintiffs.

### Bargaining Agreement

12. The Union and Defendant entered into a collective bargaining agreement ("Bargaining Agreement") requiring the payment of dues to the Union, and contributions to be made to the ERISA Plaintiffs and other funds more fully described under Schedule A of the Bargaining Agreement. The ERISA Plaintiffs are third party beneficiaries of the Bargaining Agreement.

13. The Trustees are the assignees of monies due under the Bargaining Agreement for the Work Preservation Fund, a California non-profit organization, the Painters & Allied Trades Labor Management Cooperation Initiative, and the Northern California Painting & Finishing Contractors Administrative Fund (collectively the "Funds").

14. Defendant has a statutory duty to make timely required payments to the ERISA Plaintiffs under ERISA §515, 29 U.S.C. §1145.

15.     Under the terms of the Bargaining Agreement and of the governing documents of the ERISA Plaintiffs and the Funds which documents are incorporated into the Bargaining Agreement and made binding on Defendant, Defendant is required to submit monthly reports of hours worked by its employees, and to regularly pay to the ERISA Plaintiffs, the Funds, and to the Union for union dues, certain sums of money, the amounts of which are determined by the hours worked by employees of Defendant, as more fully set forth in the Bargaining Agreement. Under the terms of the Bargaining Agreement and the governing documents of the ERISA Plaintiffs and the Funds, Defendant agreed to pay liquidated damages for each delinquent payment. Defendant further agreed to pay interest on the combined total of contributions plus liquidated damages at the rates set by the Bargaining Agreement, from the day immediately following the date that each such payment became due until paid in full.

Facts

16.     Defendant has submitted reports without payment of contributions to the ERISA Plaintiffs for work performed by Defendants' employees during the months of March 2008, May 2008, and June 2008. Defendant has failed to submit a report or pay contributions to the ERISA Plaintiffs for work performed by its employees during the month of July 2008. Additionally, Defendant has failed to pay liquidated damages and interest to the ERISA Plaintiffs for said time periods.

17.     On several occasions, demand was made on Defendant for payment of delinquent contributions, liquidated damages and interest due to the ERISA Plaintiff, the Funds, and the Union. Defendant has failed and refused to report and pay the amounts claimed herein as required by the Bargaining Agreement.

18.     Defendant has breached its statutory under ERISA §515, 29 U.S.C. §1145 and contractual duty under the Bargaining Agreement by failing to timely pay the required contributions, liquidated damages and interest to the ERISA Plaintiffs and the Funds, and to timely pay dues to the Union.

19.     Defendant's failure and refusal to timely submit the aforesaid reports and provide payments was at all times, and still is, willful. Said refusal is unjustified and done with malicious

intent. Defendant's failure to timely report and make such payments in compliance with the Bargaining Agreement has reduced the corpus of the ERISA Plaintiff funds and operating ability of the Union, thereby impairing their ability to pay or provide benefits to members and beneficiaries, and causing harm to all ERISA Plaintiffs funds and to the Union. Defendant's obligations pursuant to the Bargaining Agreement are continuing obligations. Defendant continues to breach said Bargaining Agreement by failing and refusing to timely report and pay monies due thereunder to the ERISA Plaintiffs Funds and the Union. Plaintiffs are informed and believe, and therefore allege, that Defendant will continue to willfully refuse to report and make said payments unless ordered by this Court to comply.

20. Plaintiffs are without an adequate remedy at law and will suffer continuing and irreparable injury, loss and damage unless Defendant is ordered specifically to perform all obligations required on Defendant's part to be performed under ERISA, 29 U.S.C. §§1101-1381, the LMRA, 29 U.S.C. §§141-197, the Bargaining Agreement, and the governing documents of the ERISA Plaintiffs and the Funds, and are restrained from continuing to refuse to perform as required thereunder.

### Prayer

WHEREFORE, Plaintiffs pray as follows:

1. For judgment against Defendant for all contributions owed for hours worked by its employees for the month of March 2008, and May through July 2008, together with liquidated damages and interest owed for said time period.

2. For judgment against Defendant in favor of the ERISA Plaintiffs, the Funds, and the Union, in an amount equal to:

(a) Any unpaid contributions owed to the ERISA Plaintiffs and Funds at the time of judgment in accordance with ERISA §502(g)(2)(A), 29 U.S.C. §1132(g)(2)(A) and the Bargaining Agreement and the governing documents of the ERISA Plaintiffs;

(b) Any dues owed to the Union at the time of judgment in accordance with the Bargaining Agreement;

  (c) Liquidated damages on late-paid and unpaid contributions owed at the time of judgment in an amount provided for under the Bargaining Agreement and governing documents of the ERISA Plaintiffs and the Funds, and with respect to the ERISA Plaintiffs, ERISA §502(g)(2)(c), 29 U.S.C. §1132(g)(2)(c); and

  (d) Interest on late-paid and unpaid contributions plus liquidated damages, and on dues owed to the Union owed at the time of judgment in accordance with the Bargaining Agreement and the governing documents of the ERISA Plaintiffs and the Funds, and ERISA §502(g)(2)(B), 29 U.S.C. §1132(g)(2)(B) with respect to the ERISA Plaintiffs, and the applicable legal rate with respect to dues or where otherwise appropriate.

 3. Reasonable attorneys' fees and costs of this action incurred by the ERSIA Plaintiffs in accordance with ERISA §502(g)(2)(D), 29 U.S.C. §1132(g)(2)(D) and the Bargaining Agreement; and the reasonable attorneys' fees and costs incurred by the Plaintiffs in accordance with the Bargaining Agreement and with LMRA §301, 29 U.S.C. § 185.

 4. For an order requiring that Defendant complies with its obligations to Plaintiffs under the terms of the Bargaining Agreement and the governing documents referred to therein; enjoining Defendant from violating the terms of the Bargaining Agreement and the governing documents referred to therein, disposing of any assets until said terms have been complied with, and continuing or operating of Defendant's business until said terms have been complied with.

 5. That the Court retain jurisdiction of this case pending compliance with its orders.

 6. For such other and further relief as the Court may deem just and proper.

Dated: August 21, 2008      SALTZMAN & JOHNSON
                LAW CORPORATION


             By:_____/s/_____
               Shaamini A. Babu
               Attorneys for Plaintiffs